IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CLAUDIO CALZADO,                                    GENERAL JURISDICTION DIVISION
                                                    CASE NO.: ,

an individual,

        Plaintiff,

v.

BAPTIST HOSPITAL OF MIAMI, INC.,
d/b/a, a/k/a BAPTIST HEALTH SOUTH FLORIDA,

A Florida corporation,

        Defendant.

_____/

## COMPLAINT

The Plaintiff, CLAUDIO CALZADO ("Plaintiff"), sues BAPTIST HOSPITAL OF MIAMI,
INC. d/b/a, a/k/a BAPTIST HEALTH SOUTH FLORIDA, and allege as follows:

## JURISDICTION AND VENUE

1.  This action seeks equitable relief and damages and is within the subject matter jurisdiction of
    this Court.  Plaintiff brings this Florida statutory claim under the Florida Civil Rights Act of
    1992 ("FCRA"), Florida Statutes § 760.01, et. Seq., Plaintiff brings this Florida statutory claim
    under the Florida Civil Rights Act of 1992 ("FCRA"), and, 42 U.S.C. § 2000e-2(a) of the Civil
    Rights Act protecting discrimination based on race ("Title VII").


2.  Jurisdiction is conferred upon this Court by Florida Statutes § 760.11, 28 U.S.C. § 1331; and
    28 U.S.C. § 1343, and 42 U.S.C. § 2000e-2.

3.  Plaintiff is an individual who, during the course of his employment with Defendant, was
    employed full-time at the Defendant's company in the state of Florida.

4.  Defendant operated, conducted, engaged in, and carried on a business in Florida, which
    primarily provides medical services.  Defendant engaged in commerce or other industry or
    activity affecting commerce and employs fifty (50) or more employees for each working day
    during each of the twenty (20) or calendar workweeks in the preceding calendar year.

5.  Venue is proper in Miami-Dade County, Florida because all acts complained of occurred

therein, Plaintiff resides in Miami-Dade County and did so at the time of the incidents alleged in the complaint, and Defendant has engaged in business there during the relevant time.

## FACTUAL ALLEGATIONS

6. The Plaintiff, a black, dark skinned Hispanic and originally from Dominican Republic, had been employed by Baptist Hospital since 2011, as Food Service Worker in the Dining, at the Hospital's Food Service/Dining Services Department.

7. Starting in the Winter of 2017, and beginning of 2018, he was made the target of continuous, systematic, abusive and discriminatory conduct, created his supervisor Roberto Ruiz (white/Nicaraguan) who created a campaign of insults, mocking, embarrassing, and intentional abusive comments and actions against Plaintiff.

8. For example, Mr. Ortiz instead of using Plaintiff's name, he would call him "negro", come do your job. He also called Plaintiff "black" in a constant, deeming manner, in front of other employees.

9. Plaintiff asked him to stop but to no avail since the insulting and demeaning comments continued. Also, he was the only one in his group that was assigned a duty to clean certain areas. When asked why he was giving such tasks, Mr. Ortiz would reply that Plaintiff was a "negro" who was not smart and who could handle harder tasks better than his crew members.

10. On February 2018, Plaintiff went to Human Resources, and spoke to Melissa Nunez (white/Cuban) to complain about the harassment that he was being subjected to by his Supervisor Roberto Ortiz

11. Nothing was done after his meeting with Human Resources. Months later, on the Fall of 2018, the Plaintiff told Ortiz and Nunez, that he was considering filing a charge with the EEOC.

12. On or about September 2018, Plaintiff's employment was terminated. When asked why his employment was terminated, he was told to just leave, without any explanation. Plaintiff believed that he had been discriminated against because of his race (black Latino), national origin (Dominican), and retaliated against for complaining about the harassment.

13. Plaintiff retained The Funes Law Firm, P.A. to prosecute this action and has agreed to pay his attorney a reasonable fee.

14. All conditions precedent to filing this action have been satisfied or waived.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Plaintiff realleges and incorporate paragraphs 1 through 14 above as ifset forth in full herein.

16. Plaintiff filed a Charge of Discrimination ("Charge"), with the EEOC. **A copy of the Charges is attached as Exhibit "A."**

17. The EEOC issued Plaintiff a Right to Sue letter. **A copy of the EEOC's Right to Sue letter is attached as Exhibit "B."**  Plaintiff' Complaint is filed timely since it is being filed within ninety (90) days after said Right to Sue was issued.

## COUNT I - <u>VIOLATION OF FLORIDA CIVIL RIGHTS ACT ("FCRA") THROUGH HOSTILE ENVIRONMENT DISCRIMINATION</u>

18. Plaintiff realleges and incorporate paragraphs 1 through 17 above as if set forth in full herein.

19. The actions Defendants, as more particularly alleged in paragraphs 6 through 12 violated Plaintiff' rights against racial discrimination, as set forth at § 760.10(1) (a), Florida Statutes (1997).

20. The racial harassment and adverse employment actions to which Plaintiff was subjected to were based upon him being of certain color/race, namely a black Latino individual.

21. The unwelcome racial overtures, comments, verbal abuse experienced by Plaintiff, as well as the demeaning atmosphere, in which Plaintiff was put among peers, and what he was subjected to, was objectively offensive, severe and pervasive enough to alter terms and conditions of Plaintiff' employment, and were perceived by Plaintiff as being such.

22. The conduct of the Hospital and its agents created a hostile work environment and the Defendant's conduct was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of exemplary damages to punish the Defendant, and to deter it, and others from such conduct in the future.

23. The Hospital is directly and vicariously responsible for the acts the Plaintiff was subjected to by Ortiz and Nunez.

24. As direct and proximate result of the malicious, intentional and premeditated discriminatory acts by the Defendant with respect to this discrimination in the terms and conditions of Plaintiff' employment, Plaintiff have been damaged. Plaintiff' damages included back pay, front pay, loss of benefits, future pecuniary loss, embarrassment, humiliation, inconvenience, emotional pain, suffering, mental anguish, and loss of enjoyment of life.

## <u>COUNT II- VIOLATION OF THE FCRA – RETALIATION</u>

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17, and, as if set out in full herein.

26. The Defendant's eventual termination of Plaintiff was in retaliation for his complaining to Defendant's Human Resources for the acts of discrimination described in paragraphs 6-12 above, which was protected under the FCRA.

27. The Defendant's termination of Plaintiff was motivated by an intent to retaliate against Plaintiff but-for his protected activity of reporting the incidents to Human Resources and attempt to file an EEOC Charge.

28. The unlawful employment practices complained of herein and the actions of the Defendant and its agents was and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff' statutorily protected employment rights.

29. Because of the retaliation by Defendant, Plaintiff has suffered and continue to suffer both irreparable injury and compensable damage unless and until this court grants relief.

30. As a direct and proximate result of the above-described actions of the Defendant, Plaintiff has suffered embarrassment, humiliation, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and incidental costs.

## COUNT III- VIOLATIONS OF TITLE VII THROUGH HOSTILE ENVIRONMENT DISCRIMINATION

31. Plaintiff realleges and incorporate paragraphs 1 through 17 above as if set forth in full herein.

32. The acts of Defendant though Plaintiff's supervisor, as more particularly alleged in paragraphs 6 through 12, violated Plaintiff's' rights against racial discrimination, as set forth at § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

33. The racial harassment and adverse employment actions to which Plaintiff was subjected to were based upon him being of certain color/race, namely a black individual.

34. The unwelcome racial overtures, comments, verbal abuse experienced by Plaintiff, as well as the demeaning atmosphere, in which Plaintiff was put among peers and what he was subjected was objectively offensive, severe and pervasive enough to alter terms and conditions of Plaintiff' employment, and were perceived by Plaintiff as being such.

35. The conduct of the Hospital and its agents created a hostile work environment and the Defendant's conduct was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of exemplary damages to punish the Defendant, and to deter it, and others from such conduct in the future.

36. The Hospital is directly and vicariously responsible for the acts the Plaintiff was

subjected to by Ortiz and Nunez.

37. As direct and proximate result of the malicious, intentional and premeditated discriminatory acts by the Defendant with respect to this discrimination in the terms and conditions of Plaintiff' employment, Plaintiff have been damaged. Plaintiff' damages included back pay, front pay, loss of benefits, future pecuniary loss, embarrassment, humiliation, inconvenience, emotional pain, suffering, mental anguish, and loss of enjoyment of life.

## COUNT IV- VIOLATION OF TITLE VII THROUGH RETALIATION

38. Plaintiff realleges and incorporate paragraphs 1 through 17 above as if set forth in full herein.

39. The Defendant's  discriminatory actions of terminating her employment violated Plaintiff's rights against retaliation for reporting the Defendant's discriminatory conduct to Human Resources and by attempting and reporting to file charge of discrimination in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-3(a).

40. The Defendant's eventual termination of Plaintiff was in retaliation for his complaining to Defendant's Human Resources for the acts of discrimination described in paragraphs 6-12 above, which was protected under Title VII.

41. The Defendant's termination of Plaintiff was motivated by an intent to retaliate against Plaintiff but-for his protected activity of reporting the incidents to Human Resources and attempt to file an EEOC Charge.

42. The unlawful employment practices complained of herein and the actions of the Defendant and its agents was and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff' statutorily protected employment rights.

43. Because of the retaliation by Defendant, Plaintiff has suffered and continue to suffer both irreparable injury and compensable damage unless and until this court grants relief.

44. As a direct and proximate result of the above-described actions of the Defendant, Plaintiff has suffered embarrassment, humiliation, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and incidental costs.


WHEREFORE, Plaintiff demands that on all counts the Court grants judgment against Defendant, for damages equal to the amount of wages, employment benefits and other compensation denied or lost to Plaintiff as a result of its violations, including but not limited to, an award of front pay, back pay, interest on wages, liquidated damages, non-liquidated damages, compensatory, non-compensatory, economic, and emotional, and all damages, including punitive

damages pursuant to the FCRA and Title VII, attorney's fees and costs, and any and all other relief that this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted by:

/s/Alex D. Funes
ALEX D. FUNES
**The Funes Law Firm, P.A.**
*Attorney for Plaintiff*
Florida Bar No. 635340
2857SW 27th Avenue
Coconut Grove, FL 33133
T: (305) 731-2397
F: (305) 503-8557
E: af@funeslaw.com

# Composite EXHIBIT "A"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2018-29064 |

Florida Commission On Human Relations _____ and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Claudio Manuel Calzado | (786) 425-7918 | 1985 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5530 NW Third Ave., Miami, FL 33127 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Baptist Health South Florida Hospital | 500 or More | (786) 596-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8900 N. Kendall Drive, Kendall, FL 33176 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-07-2018   Latest: 09-07-2018

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a black Dominican, who was retaliated against, when my employment was terminated because I complained about the racial discrimination.

My employment began on or about December 19, 2011; as a Dining Service employee. On or about February 2018, I went to the Human Resources, Melissa Nunez (white/Cuban) to complain about the harassment that I was being subjected to by my supervisor, Roberto Ortiz (white/ Nicaraguan). For example, Mr. Ortiz, instead of using my name he would call me "Negro" come do your job. I asked him to stop but to no avail it continued. I was the only one from my crew that was assigned a duty to clean something that was not part of my job description. Since, I was never trained to do this assignment, so I refused to do, what I was ordered to do. Mr. Ortiz has constantly called me "black," in a deeming manor, in front of everyone. On or about September 2018, my employment was terminated. When, I asked why my employment was terminated, I was told to just leave, without any explanation.

I believe that I have been discriminated against because of my race (black), national origin (Dominican) and retaliated against for complaining about the harassment.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| x 11-06-2018 _____<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>11/6/18<br><br>HECTOR H. GONZALEZ<br>Notary Public - State of Florida<br>My Comm. Expires Oct 27, 2018<br>Commission # FF 171842<br>Bonded through National Notary Assn. |

| AMENDED CHARGE OF DISCRIMINATION (Specifies name of corporate entity on timely filed charge) This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form. | AGENCY ☒ FCHR ☒ EEOC | CHARGE NUMBER 846-2018-29064 |
|---|---|---|

**Florida Commission on Human Relations and EEOC**
*(State or Local Agency, If Any)*

| NAME *(Indicate Mr., Ms.., or Mrs.)* Claudio Manuel Calzado | HOME TELEPHONE NUMBER *(include Area Code)* C/o (305) 733-3561 | |
|---|---|---|
| STREET ADDRESS c/o Alex D. Funes, Esq., The Funes Law Firm, 2857 SW, | CITY, STATE AND ZIP CODE Miami, FL 33131. | DATE OF BIRTH 1/16/85 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below)*.

| NAME Baptist Hospital of Miami, Inc. aka, dba, Baptist Health South Florida **8900 North Kendall Drive**, Miami , FL 33143 | NO. OF EMPLOYEES/MEMBERS +400 | TELEPHONE NUMBER *(include Area Code)* :786-662-7000 786-596-1960 |
|---|---|---|
| STREET ADDRESS **8900 North Kendall Drive**, Miami , FL 33143 | | COUNTY Miami-Dade |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* X Racial Discrimination, Different treatment, X retaliation, and wrongful termination X National Origin | DATE DISCRIMINATION TOOK PLACE EARLIEST               LATEST 09-7- 2018 – 09-07-2018 ☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE   *(If additional space is needed, attached extra sheet(s))*

I am a black Dominican, who was discriminated and retaliated, when my employment was terminated because I was singled out because of my race, and complained about the racial discrimination.

    I have been employed by Baptist Hospital since December 19, 2011, as a Dining Services employee. On or about February 2018, I went to Human Resources, Melissa Nunez (white/Cuban) to complain about the harassment that I was being subjected to by my Supervisor Roberto Ortiz (white/Nicaraguan). For example, Mr. Ortiz instead of using my name, he would call me "negro", come do your job. I asked him to stop but to no avail it continued. I was the only one from my crew that was assigned a duty to clean something that was not part of my job description. Since I was never trained to do this assignment, so I refused to do, what I was ordered to do. Mr. Ortiz has constantly called me "black" in a deeming manor, in front of everyone. On or about September 2018, my employment was terminated. When I asked why my employment was terminated, I was told to just leave, without any explanation. I believe that I have been discriminated against because of my race (black), national origin (Dominican) and retaliated against for complaining about the harassment.

| I want this charge filed with the EEOC and the State FEPA. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary to meet State and Local Requirements) Notary Public State of Florida Hector Gonzalez My Commission GG 292205 Expires 01/17/2023 |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | [NOTARY SIGNS HERE] I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| COMPLAINANT: [SIGN HERE] Date Charging Party *(Signature* 3/9/2020 | COMPLAINANT: [SIGN HERE AGAIN] SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE: *(Month, day and year)* 3/9/2020 |

# EXHIBIT "B"

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Claudio Manuel Calzado**<br>5530 NW Third Ave.<br>Miami, FL 33127 | From: **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2018-29064 | **Henry E. Elmore,**<br>**Investigator** | **(786) 648-5825** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Christopher Bashaw*
FOR **BRADLEY A. ANDERSON,**
**Acting District Director**

1/29/2021
*(Date Issued)*

cc:
**Respondent's Representative**
**Phil Magin, Assistant Vice President**
BAPTIST HEALTH SOUTH FLORIDA HOSPITAL
6855 Red Road
Suite 500
Coral Gables, FL 33146

**Charging Party's Legal Representative**
Alex D. Funes, Esq.
THE FUNES LAW FIRM
2857 SW 27th Ave
Miami, FL 33133